Dear Mr. Doughty:
This office is in receipt of your request for an Attorney General's opinion regarding the legality of the Franklin Parish Police Jury doing work on a private driveway owned by the Veterans of Foreign Wars, Post 3155. The building on the premises is leased by the Veterans of Foreign Wars to the Council on Aging, and it is also used at election time by the voters in Precinct 5, Ward 5 of Franklin Parish. Apparently, the driveway contains broken concrete, which makes it difficult for elderly citizens who go to the Council on Aging, or who must vote in the building.
Please be advised that it is the opinion of this office that the expenditure of public funds to improve private property, even if said property is utilized both by a Council on Aging and by the Parish as a polling place, is subject to constitutional challenge under the provisions of La. Const. Art. VII, Sec. 14. That constitutional provision generally prohibits the state and it's political subdivisions from loaning, pledging or donating public funds, credit, property or things of value to or for any person, association or corporation, public or private.
Art. VII, Sec. 14 has been interpreted by the Louisiana Supreme Court in City of Port Allen v. Louisiana Municipal Risk Agency, 439 So.2d 399
(La. 1983), which held that this constitutional provision is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. In City of PortAllen, supra, the Court stated: " even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'."
We also call your attention to certain previous opinions of this office, which provide guidance in addressing your question.
Attorney General's Opinion No. 78-227 determined that a police jury may not place shells on private property even if the property is used for a worthwhile public purpose, in that case, the 4-H club's central loading point. Attorney General's Opinion No. 79-795 determined that a police jury was prohibited from blacktopping a parking lot on a parcel of land owned by the State of Louisiana but leased to the Veterans of Foreign Wars. Attorney General's Opinion No. 76-649 stated that the Bienville Parish Police Jury could not use parish equipment or materials to blacktop driveways located on private property. Attorney General's Opinion No. 78-229 stated that Terrebonne Parish Police Jury could not place shells on property owned by Vanderbilt Catholic High School or on private property where school bus drivers park their buses. Attorney General's Opinion No. 78-364 concluded that a Police Jury would be in violation of La. Const. Art. VII, Sec. 14 if it placed shells on a church parking lot.
Also pertinent is Attorney General's Opinion No. 93-789, which concluded that a Police Jury could not expend public funds for the renovation of a private gymnasium, even though the gymnasium was utilized by the Parish as a polling place, in order to bring the building into compliance with the Americans with Disabilities Act. The opinion recognized that in accordance with applicable law, if a police jury cannot find a building having proper polling facilities (including suitable access for the disabled) within a district, it can select a location in the nearest precinct where a suitable building can be found.
We trust the foregoing to be of assistance. Should the District Attorney's Office or the Vernon Parish Police Jury need further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dra